1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRY JON IRBY,

                              Plaintiff,

        v.

SKAGIT COUNTY, *et al.*,

                              Defendants.

CASE NO. C18-1334-JLR-MAT

REPORT AND RECOMMENDATION

<u>INTRODUCTION AND SUMMARY CONCLUSION</u>

Plaintiff Terry Irby is a county prisoner who is currently confined at the Skagit County Justice Center ("SCJC") in Mount Vernon, Washington.  He has submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed with this action *in forma pauperis*.  The Court, having reviewed plaintiff's complaint, his application to proceed *in forma pauperis*, and other relevant court records, concludes that plaintiff's application to proceed *in forma pauperis* should be denied as plaintiff is barred under 28 U.S.C. § 1915(g) from proceeding with this action without prepayment of the filing fee.

<u>DISCUSSION</u>

Plaintiff's civil rights complaint is not a model of clarity.  However, he appears to assert

REPORT AND RECOMMENDATION
PAGE - 1

that the SCJC's internal correspondence system (the S-Phone) is unreliable, and that prisoners are not adequately trained on how to use the system, which interferes with prisoners' ability to access medical and mental health treatment, te law library, and the courts.  (*See* Dkt. 4-1 at 3, 5, 12.) Plaintiff further asserts that prisoners are subject to sexual abuse and exploitation by SCJC staff, apparently as a result of what plaintiff believes is an unduly intrusive video surveillance system at the facility.  (*Id*. at 5-10.)

In addition, plaintiff complains that cells at the SCJC are illuminated for an excessive period of time, that the facility has no windows, that prisoners are denied access to dental floss thereby endangering their health, and that indigent prisoners are not provided with legal supplies. (*Id*. at 10-12.)  Finally, plaintiff asserts that medical staff at the SCJC have been deliberately indifferent to his serious medical needs because they have refused to replace a worn out pair of TED hose which he needs because he has varicose veins in one leg and he previously had a blood clot (sometime between 2011 and 2013) which required treatment with blood thinners.  (*Id*. at 14-17.)

Plaintiff identifies the following defendants in his complaint:  Skagit County; Skagit County Auditor Jeanne Youngquist; Skagit County Commissioner Ken Dahlstedt; Jane and John Doe medical and mental health providers; RN Mike; and, Chief Director of Medical, Mr. Henry. (*Id*. at 1-2.)  Plaintiff seeks declaratory and injunctive relief, and damages.  (*Id*. at 3-4.)

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* in a civil action if he or she has, on three or more prior occasions, brought civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.  A review of plaintiff's litigation activities in the United States District Courts for both the Eastern

REPORT AND RECOMMENDATION
PAGE - 2

and Western Districts of Washington, and in the Ninth Circuit Court of Appeals, reveals that plaintiff has accumulated at least four "strikes" under § 1915(g).  *See Irby v. Munden, et al*., Case No. 2:08-05078-EFS, E.D. Wash. (case dismissed March 25, 2009 for failure to state a claim upon which relief may be granted); *Irby v. O'Neill*, Case No. 13-35258, 9th Cir. (motion to proceed IFP on appeal denied on July 10, 2013 on grounds that appeal was frivolous); *Irby v. State of Washington*, *et al*., Case No. 14-35750, 9th Cir. (motion to proceed IFP on appeal denied on February 26, 2015 on grounds that appeal was frivolous); and, *Irby v. Skagit County, et al*., Case No. 2:18-cv-01035-JLR, W.D. Wash. (application to proceed IFP denied under § 1915(g) on September 6, 2018).

Because plaintiff has accumulated more than three strikes, he may not proceed with this action without prepayment of the full filing fee unless he shows that he was "under imminent danger of serious physical injury" at the time he signed his pleading.  28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").  The imminent danger exception requires a prisoner allege a danger which is "ready to take place or "hanging threateningly over one's head."  *Id*. at 1056 (internal citations omitted).

Plaintiff alleges in his dental hygiene claim that the SCJC's prohibition on dental floss can lead to gum disease which, in turn, can become life threatening.  (Dkt. 4-1 at 11.)  Plaintiff asserts that this constitutes a "danger hanging over head" sufficient to satisfy the imminent danger exception to the 1915(g) bar.  (Dkt. 4-1 at 11.)  Plaintiff does not allege that he suffers from gum disease, or any associated health problems, he merely suggests that this is a possibility if he is not allowed to floss.  This sort of speculation is insufficient to show that plaintiff is in imminent danger of serious physical injury.

REPORT AND RECOMMENDATION
PAGE - 3

Plaintiff alleges in his inadequate medical care claim that medical providers at the SCJC have refused to provide him a replacement pair of TED hose. (*Id*. at 14.) According to plaintiff, he received a pair in April 2018 while confined at the Washington Corrections Center ("WCC"), but that pair is worn out and needs to be replaced. (*Id*. at 14-15.) Plaintiff indicates that the hose are necessary because he has varicose veins in his right leg which cause swelling and pain, and because he was diagnosed with a blood clot in one leg, sometime between 2011 and 2013, for which he received treatment. (*Id*. at 14.) Plaintiff claims that his right leg is now "showing signs of increased size before long it will be out of control [sic]." (*Id*.) Plaintiff goes on to note the possible serious medical risks associated with reduced blood flow to the brain, including brain aneurysms, strikes, heart attacks and blood clots, and suggests that the TED hose will reduce those risks. (*See id*. at 14-15.)

Finally, several pages after identifying the potential risks of reduced blood flow to the brain, and after a somewhat disjointed description of his interactions with medical staff, plaintiff makes the assertion that "he is blacking out from lack of oxygen to his brain when he gets up and down from sitting or laying [sic] down," and he claims, without evidence, that the TED hose help get blood and oxygen up to the brain. (*Id*. at 17.) Plaintiff goes on to note that a fall could cause death in a 60 year old man.

In the four pages plaintiff devotes to his claim regarding the TED hose, he alleges numerous times that he is in imminent danger of serious physical injury. (*See* Dkt. 4-1 at 14-17.) He also alleges that death may result from some of the life threatening conditions which could develop because of reduced blood flow, and that there is "danger hanging over head, about to take place." (*See id*.) However, plaintiff's description of his claim is largely devoted to speculation concerning what could happen if his TED hose aren't replaced, and nothing in the record demonstrates that he

REPORT AND RECOMMENDATION
PAGE - 4

actually suffers from a life threatening condition or from any condition likely to cause imminent serious physical injury.  In fact, exhibits submitted with plaintiff's complaint suggest that the Washington Department of Corrections did not prescribe or order TED hose for plaintiff while he was at WCC, as plaintiff claims, and that plaintiff does not currently have a condition necessitating the use of TED hose.  (*See* Dkt. 4-2 at 27, 28.)

In this Court's view, plaintiff's claims of imminent danger are not credible and are largely motivated by his desire to litigate a host of other claims pertaining to the conditions of his confinement at SCJC, many of which he was precluded from litigating in another recent action because of a § 1915(g) bar.  *See Irby v. Skagit County, et al.*, Case No. 2:18-cv-01035-JLR.  As plaintiff has not made a credible showing that he satisfies the imminent danger exception to the § 1915(g) bar, this Court concludes that plaintiff is ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $50.00 administrative fee (for a total of $400.00).

<u>CONCLUSION</u>

Based on the foregoing, this Court recommends that plaintiff's applications to proceed *in forma pauperis* be denied.  This Court further recommends that plaintiff be directed to pay the filing fee within thirty (30) days of the date on which this Report and Recommendation is adopted, and that this action be terminated if plaintiff fails to do so.  A proposed order accompanies this Report and Recommendation.

<u>DEADLINE FOR OBJECTIONS</u>

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions

calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on <u>December 7, 2018</u>.

DATED this <u>9th</u> day of November, 2018.


Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6